UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE WITCHKO, Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL PROPERTIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS S. SCHORSCH, et al.,<br><br>Defendants,<br><br>-and-<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC.,<br><br>Nominal Defendant. | Lead Case No. 1:15-cv-06043-AKH<br><br>(Consolidated with Case No. 1:15-cv-08563-AKH)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 1/22/2020 |

## [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated Oct. 4, 2019 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated September 27, 2019 (the "Stipulation"). Due and adequate notice having been given to Current VEREIT Stockholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1

1.      This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement.

3.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties and Current VEREIT Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4.      The Action, all claims contained therein, and any other Released Claims, any NVSD Released Claims, and any Defendant Parties' Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, VEREIT, Plaintiffs, and each of VEREIT's stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons. VEREIT, Plaintiffs, and each of VEREIT's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment entered pursuant thereto.

6. Upon the Effective Date, VEREIT and each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendant Parties' Released Claims. VEREIT and the Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs, their beneficiaries, or Plaintiffs' Counsel with respect to any claims arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or any Defendant Parties' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Defendant Parties' Released Claims against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment entered pursuant thereto.

7. Upon the Effective Date, the Non-VEREIT Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the NVSD Released Claims against each respective Non-VEREIT Settling Defendant and the VEREIT Released Persons. The Non-VEREIT Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue each respective Non-VEREIT Settling Defendant and the VEREIT Released Persons with respect to any NVSD Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the NVSD Released Claims against the VEREIT Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment entered pursuant thereto.

8. Notwithstanding Paragraph 7 of this Judgment, in the event that any Derivative Action other than the Action, or any derivative proceeding filed subsequent to execution of the

Stipulation alleging claims that arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Derivative Actions or Class Action, is permitted to proceed against any Non-VEREIT Settling Defendant: (i) VEREIT shall not be released from any rights of advancement, indemnification, contribution, or any other rights that such Non-VEREIT Settling Defendant has or may have for any claims, demand or losses (all subject to meeting applicable laws, requirements, and standards) arising out of such derivative proceeding; and (ii) GT shall be entitled to receive from VEREIT indemnification for and advancement of reasonable fees, costs, and expenses incurred or paid by GT in defending such derivative proceeding, and (subject to meeting applicable laws) amounts paid by GT in settlement of or in satisfaction of a judgment rendered in such derivative proceeding.

9. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Supplementary Agreements.

10. The Court finds that Notice was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

11. The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

12. ~~The Court finds that the Fee Award of _____ dollars ($_____.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award.~~ The Court shall set a hearing date to continue argument regarding fees and expenses to be paid to derivative plaintiffs' counsel by Vereit

4

13. This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons or VEREIT Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons or VEREIT Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person or VEREIT Released Persons, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons or VEREIT Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons or VEREIT Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

None of this Judgment, the Stipulation, or the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons and VEREIT Released Persons may refer to the Settlement, the Stipulation, and the Judgment, and may file the Stipulation and/or this Judgment, in any action to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation, and (c) determining fee and allowing reimbursement of expenses.

15. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: Jan 21, 2020

_____
HONORABLE ALVIN K. HELLERSTEIN

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 14, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                                          s/ Debra J. Wyman
                                                                          DEBRA J. WYMAN

                                                                          ROBBINS GELLER RUDMAN
                                                                            & DOWD LLP
                                                                          655 West Broadway, Suite 1900
                                                                          San Diego, CA  92101
                                                                          Telephone: 619/231-1058
                                                                          619/231-7423 (fax)

                                                                          E-mail: debraw@rgrdlaw.com